UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

UNITED STATES OF AMERICA

v.                                            Case No. 3:20-CR-30-CCB-MGG

NAHKOMIE TAYLOR

## OPINION AND ORDER

Before the Court is Defendant Nahkomie Taylor's "Motion for Independent Action of Actual Innocence and/or Grave Miscarriage of Justice Rule 60(b) and (d), Fed. Rules" ("the instant Motion") filed on December 20, 2024. Mr. Taylor pleaded guilty to two counts of bank robbery in violation of 18 U.S.C. § 2113(a) and one count of brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). (ECF 21). He was sentenced on October 20, 2022, to 178 months of imprisonment for each of the Section 2113(a) bank robbery offenses, to be served concurrently plus 84 months of imprisonment for the Section 924(c)(1)(A) brandishing a firearm offense, to be served consecutively to the bank robbery sentences. (*Id.* at 3). To date, Mr. Taylor has not appealed or otherwise challenged his convictions or his sentence.

In the instant Motion, Mr. Taylor argues that he is innocent of a "crime of violence" in light of *United States v. Taylor*, 596 U.S. 845 (2022) making his conviction for the Section 924(c) offense void and unconstitutional. Thus, he concludes that this Court must resentence him "to relieve him of such injustice before the matter becomes a 'Grave Miscarriage of Justice'" under *Taylor*. (ECF 51 at 5, 7).

Mr. Taylor's explicit invocation of Federal Rule of Civil Procedure 60 is misplaced as civil rules do not apply in criminal cases. *United States v. Earls*, 755 F. App'x 581, 582 (7th Cir. 2019) (citing Fed. R. Civ. P. 1); *see also United States v. George*, Case Nos.: 3:05-CR-100 JD, 3:22-CV-418 JD, 2023 WL 8234198, at *1 ((N.D. Ind. Nov. 28, 2023). Mr. Taylor's instant Motion seeks relief in the form of correcting his sentence, which is permitted for federal prisoners collaterally attacking a criminal sentence on grounds that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "[A]ny post-judgment motion in a criminal proceeding that fits the description of a motion to vacate, set aside, or correct a sentence set forth in the first paragraph of section 2255 should be treated as a section 2255 motion." *United States v. Carraway*, 478 F.3d 845, 848 (7th Cir. 2007). But before recharacterizing Mr. Taylor's instant Motion as a Section 2255 motion, the Court must inform him of its intent to recharacterize the motion, warn him "that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions," and provide him the opportunity to withdraw, or to amend, the filing." *Castro v. United States*, 540 U.S. 375, 377 (2003)

Accordingly, Mr. Taylor is:

(1) **ADVISED** that the Court intends to recharacterize the instant Rule 60 Motion (ECF 51) as a first Section 2255 motion;

(2) **WARNED** that recharacterizing the instant Motion as a Section 2255 motion will subject any subsequent Section 2255 motions to the "second or successive" motions restrictions set forth in 28 U.S.C. § 2255(h); and

(3) **GRANTED** until **August 27, 2026**, to withdraw the instant Motion if he does not want to proceed under Section 2255, or to amend the Motion to include every Section 2255 claim he believes he has.

If Mr. Taylor does not withdraw or amend the instant Motion by August 27, 2026, the Government must file any response to the instant Motion no later than **September 28, 2026**. If Mr. Taylor amends his motion, the Government must file any response to the amended motion no later than **30 days** after the amended motion is filed.

SO ORDERED on July 27, 2026.

/s/ *Cristal C. Brisco*

CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT